IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERNN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ESPERANZA RAMIREZ, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | |
| SAFECO INSURANCE COMPANY OF INDIANA, RANDALL BYRD, and ANTHONY HARRIS, | § § § § § | CASE NO. _____ |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(b) and Local Rule CV-81(a), Defendants Safeco Insurance Company of Indiana ("Safeco"), Randall Byrd ("Byrd") and Anthony Harris ("Harris") (collectively, "Defendants") file this *Notice of Removal* hereby removing this action from the 16th Judicial District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Esperanza Ramirez ("Plaintiff") and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.
## INTRODUCTION

This dispute arises out of a claim for alleged hail damage to property located at 415 Campbell Lane, Denton, Texas 76209 (the "Property"). Plaintiff alleges that Safeco breached a policy of insurance and that Defendants violated certain provisions of the TEXAS INSURANCE CODE by, among other things, failing to pay Plaintiff's claim for damages allegedly resulting from wind and/or hail.

---
**DEFENDANTS' NOTICE OF REMOVAL**                  **Page 1**

On August 5, 2015, Plaintiff filed her Original Petition in the 16th Judicial District Court of Denton County, Texas against Defendants. Safeco was served with a citation and a copy of Plaintiff's Original Petition on August 24, 2015 through its registered agent for service of process. Harris was served with a citation and a copy of Plaintiff's Original Petition on or about August 26, 2015. Byrd was served with a citation and a copy of Plaintiff's Original Petition on or about August 29, 2015.

On September 10, 2015, Safeco and Harris timely filed their answer to Plaintiff's Original Petition. On September 23, 2015, 2015 Byrd timely filed his answer to Plaintiff's Original Petition.[1] This Notice of Removal is being filed within thirty (30) days of service of the Petition upon Defendants, and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper in this case because there is complete diversity of citizenship between the parties, and it is apparent from the face of Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

**A.** **DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged in her Original Petition that she is a resident of the State of Texas. *See* Plaintiff's Original Petition at ¶ 2. Safeco is a corporation organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. Safeco is both an Indiana and Massachusetts citizen for diversity purposes. Byrd is a resident of the State of Oklahoma, and Plaintiff has alleged as much.

---

[1] Although Harris's answer technically was due September 21, 2015, counsel for Plaintiff granted Harris a one-week extension to timely file his answer.

*See* Plaintiff's Original Petition at ¶ 4. Harris is a resident of the State of Georgia, and Plaintiff has alleged as much. *See* Plaintiff's Original Petition at ¶ 5.

Accordingly, there exists complete diversity of citizenship between the Plaintiff and all Defendants in this matter.

**B.    AMOUNT IN CONTROVERSY**

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000.00, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

**1.    Plaintiff's Original Petition**

Plaintiff's Original Petition includes causes of action against Defendants for (1) violations of the Texas Insurance Code; (2) fraud; (3) conspiracy to commit fraud; (4)

breach of contract; and (5) breach of duty of good faith and fair dealing. Based on these causes of action, Plaintiff specifically pleads that she "is seeking monetary relief over $200,000 but not more than $1,000.000." Plaintiff's Original Petition at ¶ 6.

### 2. Plaintiff's Claim for Attorneys' Fees

Furthermore, if a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985). Here, Plaintiff seeks attorneys' fees in connection with her breach of contract action.[2] Plaintiff also asserts a claim for attorney's fees for alleged "violations of the Texas Insurance Code."[3] Accordingly, the amount controversy clearly exceeds the $75,000 threshold required for diversity jurisdiction, and therefore this case is properly removable.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 81(c)(2), filed concurrently with this Notice of Removal is a completed civil cover sheet. Additionally, the following exhibits are attached:

- **EXHIBIT A**: A supplemental civil case cover sheet containing the information required by Local Rule 81(c);

- **EXHIBIT B**: A certified Copy of State Court Docket; and

---

[2] Plaintiff's Original Petition, ¶69. See TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001.

[3] Plaintiff's Original Petition, ¶70. See TEXAS INSURANCE CODE, §§541.152 and 542.060.

---

**DEFENDANTS' NOTICE OF REMOVAL**                                                       Page 4

- **EXHIBITS C1 – C-5**: a copy of all pleadings that assert causes of action, all answers to such pleadings, and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendants Safeco Insurance Company of Indiana, Randall Byrd and Anthony Harris respectfully request that the above-captioned action now pending in the 16th Judicial District Court, Denton County, Texas be removed to the United States District Court for the Eastern District of Texas, Sherman Division. Defendants further request all such other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
DANIEL C. SCOTT
State Bar No. 24051316

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: mark.tillman@tb-llp.com
E-mail: dan.scott@tb-llp.com

**ATTORNEYS FOR DEFENDANTS
SAFECO INSURANCE COMPANY
OF INDIANA, RANDALL BYRD AND
ANTHONY HARRIS**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of **Defendants' Notice of Removal** has been forwarded to Plaintiff's counsel of record, as identified below, via electronic means and/or facsimile, on the 23rd day of September, 2015, in accordance with the Federal Rules of Civil Procedure.

    Gregory F. Cox
    SBN 00793561
    **MOSTYN LAW FIRM**
    6280 Delaware Street
    Beaumont, Texas 77706
    Telephone: (409) 832-2777
    Facsimile: (409) 832-2703
    gfcdocketefile@mostynlaw.com

    **ATTORNEYS FOR PLAINTIFF**
    **ESPERANZA RAMIREZ**

                                */s/ Mark D. Tillman*
                                MARK D. TILLMAN