

**CORPORATION SERVICE COMPANY**®

**RCS / ALL**
**Transmittal Number: 14166279**
**Date Processed: 08/25/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Esperanza Ramirez vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Denton County District Court, Texas |
| **Case/Reference No:** | 15-06677-16 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/24/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Gregory F. Cox<br>409-832-2777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

EXHIBIT C-1

DELIVERED AUG 2 4 2015

8.90357

| | CITATION –TRC 99 and 106 |
|---|---|

THE STATE OF TEXAS                                         COUNTY OF DENTON

CAUSE NO. 15-06677-16

TO: Safeco Insurance Company of Indiana 211 East 7th Street, Suite 620, Austin, Texas 78701; (or wherever he/she may be found)

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 16th Judicial District Court<br>1450 E, McKinney, 3rd Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 15-06677-16 |
| Date of Filing: | August 05, 2015 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Esperanza Ramirez; Safeco Insurance Company of Indiana; Randall Byrd; Anthony Harris |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Gregory F. Cox<br>6280 Delaware Street, Beaumont, Texas 77706 |

Issued under my hand and seal of this said court on this the 7th day of August, 2015.

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

BY: _____ , Deputy
Alex Tuttle

---

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named

_____ _____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at

_____

Service Fee: $ _____

_____ Sheriff/Constable
_____ County, Texas

Service ID No. _____

_____ Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__

_____ Notary Public

FILED: 8/5/2015 4:06:02 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

CAUSE NO. **15-06677-16**

| | | |
|---|---|---|
| ESPERANZA RAMIREZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, RANDALL BYRD, | § | |
| AND ANTHONY HARRIS, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Esperanza Ramirez ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Safeco Insurance Company of Indiana ("Safeco"), Randall Byrd ("Byrd"), and Anthony Harris ("Harris") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff Esperanza Ramirez is an individual residing in Denton County, Texas.

3.  Defendant Safeco is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service: Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.  Defendant Randall Byrd is an individual residing in and domiciled in the State of Oklahoma. This defendant may be served with personal process by a process server at his place of residence at 109256 South 4550 Road, Sallisaw, Oklahoma 74955.

5.  Defendant Anthony Harris is an individual residing in and domiciled in the State of Georgia. This defendant may be served with personal process by a process server at his place of residence at 143 Clubhouse Drive Northwest, Kennesaw, Georgia 30144.

## JURISDICTION

6.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

7.  The Court has jurisdiction over Defendant Safeco because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

8.  The Court has jurisdiction over Defendant Byrd because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9.    The Court has jurisdiction over Defendant Harris because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10.   Venue is proper in Denton County, Texas, because the insured property is situated in Denton County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.   Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Safeco.

12.   Plaintiff owns the insured property, which is specifically located at 415 Campbell Lane, Denton, Texas 76209, in Denton County (hereinafter referred to as "the Property").

13.   Safeco sold the Policy insuring the Property to Plaintiff.

14.   On or about April 3, 2014, a hailstorm and/or windstorm struck Denton County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence.  Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the storm including, but not limited to, the porch and storage shed.  After the storm, Plaintiff filed a claim with her insurance company, Safeco, for the damages to her home caused by the hailstorm and/or windstorm.

15. Plaintiff submitted a claim to Safeco against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hailstorm and/or windstorm.

16. Plaintiff asked that Safeco cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and interior water damages to the Property, pursuant to the Policy.

17. Defendant Safeco assigned Defendant Byrd and Defendant Harris as the individual adjusters on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. On or about May 21, 2014, Defendant Byrd conducted a substandard inspection of Plaintiff's property in which, Defendant Byrd failed to thoroughly inspect all of the damages to, both the interior and exterior of the Property. Defendant Byrd's inadequate inspection is evidenced by his report which failed to include all of Plaintiff's damages noted upon inspection. Specifically, Defendant Byrd failed to include a significant portion of the exterior damages, including but not limited to, damages to the porch and storage shed. Furthermore, Defendant Byrd failed to thoroughly inspect the interior of the home, thus omitting properly covered damages from his report. Although Defendant Byrd was aware of Plaintiff's reported potential damages covered by the Policy; he failed to give Plaintiff an adequate explanation as to why he undervalued and omitted so many of her damages from his report.

18. The damages that Defendant Byrd actually included in his report were grossly undervalued. Specifically, Defendant Byrd underpriced the cost of materials required for necessary repairs, including the allotment for the roof, incorrectly applied material sales

tax, and failed to include overhead and profit.  Furthermore, Defendant Byrd's report incorrectly listed Plaintiff's date of loss as April 4, 2014.  Ultimately, Defendant Byrd failed to properly scope Plaintiff's damages, underestimated and undervalued the cost of repairs to the damaged items, thereby not allowing adequate funds to cover the cost of repairs to all the damages sustained.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair her property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment she entitled to under the Policy.

19.    Defendant Harris also actively participated in the handling of Plaintiff's claim but failed to conduct a reasonable investigation.   Specifically, he corresponded with Plaintiff regarding her claim in letters, communicated with Plaintiff by telephone regarding the claim, and/or reviewed reports, documents and information regarding the claim. Defendant Harris failed to thoroughly review Defendant Byrd's assessment of the claim and ultimately approved and/or submitted and inaccurate report of the damages.

20.    Together, Defendants Safeco, Byrd, and Harris set out to deny and/or underpay on properly covered damages.  As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and she was denied adequate and sufficient payment to repair her home.  The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her home, which has resulted in additional damages.  To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

21.   As detailed in the paragraphs below, Safeco wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Safeco underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

22.   To date, Safeco continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid in full for the damages to her home.

23.   Defendant Safeco failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Safeco's conduct constitutes a breach of the insurance contract between Safeco and Plaintiff.

24.   Defendants Safeco, Byrd, and Harris misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants Safeco's, Byrd's and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

25.   Defendants Safeco, Byrd, and Harris failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants Safeco's, Byrd's, and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

26.    Defendants Safeco, Byrd, and Harris failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Safeco, Byrd, and Harris failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants Safeco, Byrd, and Harris did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants Safeco's, Byrd's, and Harris' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

27.    Defendants Safeco, Byrd, and Harris failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Safeco, Byrd, and Harris.  Defendants Safeco's, Byrd's, and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

28.    Defendants Safeco, Byrd, and Harris refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Safeco, Byrd, and Harris failed to conduct a reasonable investigation.  Specifically, Defendants Safeco, Byrd, and Harris performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendants Safeco's, Byrd's, and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

29.     Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding
        timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim,
        and requesting all information reasonably necessary to investigate Plaintiff's claim,
        within the statutorily mandated time of receiving notice of Plaintiff's claim. Safeco's
        conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.
        TEX. INS. CODE §542.055.

30.     Defendant Safeco failed to accept or deny Plaintiff's full and entire claim within the
        statutorily mandated time of receiving all necessary information. Safeco's conduct
        constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.
        INS. CODE §542.056.

31.     Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding
        payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's
        claim longer than allowed and, to date; Plaintiff has not received full payment for her
        claim. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt
        Payment of Claims. TEX. INS. CODE §542.058.

32.     From and after the time Plaintiff's claim was presented to Defendant Safeco, the liability
        of Safeco to pay the full claim in accordance with the terms of the Policy was reasonably
        clear. However, Safeco has refused to pay Plaintiff in full, despite there being no basis
        whatsoever on which a reasonable insurance company would have relied to deny the full
        payment. Safeco's conduct constitutes a breach of the common law duty of good faith
        and fair dealing.

33. Defendants Safeco, Byrd, and Harris knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

34. As a result of Defendants Safeco's, Byrd's, Harris' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

35. Plaintiff's experience is not an isolated case. The acts and omissions Safeco committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Safeco with regard to handling these types of claims. Safeco's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST BYRD AND HARRIS

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
##### UNFAIR SETTLEMENT PRACTICES

36. Defendant Safeco assigned Defendant Byrd and Harris to adjust the claim. Defendants Byrd and Harris were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjusters failed to properly assess Plaintiff's hailstorm and/or windstorm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

37.   Defendants Byrd's and Harris' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

38.   Defendants Byrd and Harris are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Safeco, because each is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."   TEX. INS. CODE §541.002(2) (emphasis added; *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

39.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendants Byrd's and Harris' unfair settlement practice, as described above and the example given

herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40.    Defendants Byrd's and Harris' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41.    Defendants Byrd and Harris failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Byrd and Harris failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Byrd and Harris as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42.    Defendants Byrd's and Harris' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

Page 11

unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

43.    Defendants Byrd and Harris did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Safeco. Defendants Byrd's and Harris' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

**CAUSES OF ACTION AGAINST ALL DEFENDANTS**

44.    Plaintiff is not making any claims for relief under federal law.

**FRAUD**

45.    Defendants Safeco, Byrd, and Harris are liable to Plaintiff for common law fraud.

46.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants Safeco, Byrd, and Harris knew were false or made recklessly without any knowledge of their truth as a positive assertion.

47.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

**CONSPIRACY TO COMMIT FRAUD**

48.    Defendants Safeco, Byrd, and Harris are liable to Plaintiff for conspiracy to commit fraud.  Defendants Safeco, Byrd, and Harris were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose

by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Safeco, Byrd, and Harris committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST SAFECO ONLY

49. Defendant Safeco is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

50. Defendant Safeco's conduct constitutes a breach of the insurance contract made between Safeco and Plaintiff.

51. Defendant Safeco's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Safeco's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

52. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

53. Defendant Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Page 13

54.   Defendant Safeco's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Safeco's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

55.   Defendant Safeco's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56.   Defendant Safeco's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

57.   Defendant Safeco's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

58.   Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

Page 14

59.     Defendant Safeco's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

60.     Defendant Safeco's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

61.     Defendant Safeco's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

62.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Byrd and Harris are agents of Safeco based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

63.     Separately, and/or in the alternative, as referenced and described above, Safeco ratified the actions and conduct of Byrd and Harris including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

64.     Defendant Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Page 15

65.   Defendant Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Safeco knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

66.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

67.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

68.   As previously mentioned, the damages caused by the April 3, 2014, hailstorm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants Safeco's, Byrd's, and Harris' mishandling of Plaintiff's claim in violation of the laws set forth above.

69.   For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

70.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

71.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

72.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

73.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

74.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

75.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Denton County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

76.   *Plaintiff's Request for Disclosure to Defendant Safeco Insurance Company of Indiana* is
      attached as "Exhibit A." *Plaintiff's Request for Disclosure to Defendant Randall Byrd* is
      attached as "Exhibit A-1." *Plaintiff's Request for Disclosure to Defendant Anthony
      Harris* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said

Plaintiff have and recover such sums as would reasonably and justly compensate her in

accordance with the rules of law and procedure, as to actual damages, treble damages under the

Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all

costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by

law, and for any other and further relief, either at law or in equity, to which she may show herself

justly entitled.


Respectfully submitted,

MOSTYN LAW


 */s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Page 18

**"EXHIBIT A"**

**CAUSE NO._____**

| | | |
|---|---|---|
| ESPERANZA RAMIREZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, RANDALL BYRD, | § | |
| AND ANTHONY HARRIS, | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
SAFECO INSURANCE COMPANY OF INDIANA**

TO:    DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA, by and through its Attorney for Service: Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Safeco Insurance Company of Indiana (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**


*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A-1"**

**CAUSE NO._____**

| | | |
|---|---|---|
| ESPERANZA RAMIREZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, RANDALL BYRD, | § | |
| AND ANTHONY HARRIS, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT RANDALL BYRD

TO:   DEFENDANT RANDALL BYRD, at his place of residence at 109256 South 4550 Road, Sallisaw, Oklahoma 74955.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Randall Byrd (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A-2"**

**CAUSE NO._____**

| | | |
|---|---|---|
| ESPERANZA RAMIREZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, RANDALL BYRD, | § | |
| AND ANTHONY HARRIS, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
ANTHONY HARRIS**

TO:    DEFENDANT ANTHONY HARRIS, at his place of residence at 143 Clubhouse Drive Northwest, Kennesaw, Georgia 30144.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Anthony Harris (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ Gregory F. Cox*_____
Gregory F. Cox
State Bar No. 00793561
gfcdocketefile@mostynlaw.com
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)

**ATTORNEY FOR PLAINTIFF**