**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| ESPERANZA RAMIREZ, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-CV-00651- |
| § | ALM-CAN |
| SAFECO INSURANCE COMPANY § | |
| OF INDIANA, RANDALL BYRD, § | |
| AND ANTHONY HARRIS, § | |
|    *Defendants*. § | |

**PLAINTIFF ESPERANZA RAMIREZ'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Esperanza Ramirez ("Plaintiff") and files this, *Plaintiff's First Amended Complaint*, complaining of Safeco Insurance Company of Indiana ("Safeco"), Randall Byrd ("Byrd"), and Anthony Harris ("Harris") (hereinafter collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

**PARTIES**

1. Plaintiff Esperanza Ramirez is an individual residing in Denton County, Texas.

2. Defendant Safeco is an insurance company engaging in the business of insurance in the State of Texas. This defendant has appeared and answered. No citation is requested at this time.

3. Defendant Randall Byrd is an individual residing in and domiciled in the State of Oklahoma. This defendant has appeared and answered. No citation is requested at this time.

4. Defendant Anthony Harris is an individual residing in and domiciled in the State of Georgia. This defendant has appeared and answered. No citation is requested at this time.

## JURISDICTION

5. This case was originally filed in state district court in Denton County, Texas, and all claims asserted herein arise under state law. Defendants removed asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332.

## VENUE

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## FACTS

7. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Safeco.

8. Plaintiff owns the insured property, which is specifically located at 415 Campbell Lane, Denton, Texas 76209, in Denton County (hereinafter referred to as "the Property").

9. Safeco sold the Policy insuring the Property to Plaintiff. Plaintiff purchased the Policy to insure her Property against hail storm and windstorm losses and, in doing so, reasonably relied on Safeco's representations that damages caused by hail and/or windstorm would be covered under the Policy so that in the event Plaintiff timely submitted a claim for covered damages caused by a hail storm and/or windstorm loss, Safeco would conduct an

unbiased investigation and, thereafter, issue Plaintiff payment for such damages subject to Plaintiff's applicable deductible and the loss settlement provision under the Policy.

10. On or about April 3, 2014, a hailstorm and/or windstorm struck Denton County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence. Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage during the storm including, but not limited to, the porch and storage shed. After the storm, Plaintiff filed a claim with her insurance company, Safeco, for the damages to her home caused by the hailstorm and/or windstorm.

11. Plaintiff submitted a claim to Safeco against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hailstorm and/or windstorm.

12. Plaintiff asked that Safeco cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the exterior, structural, and interior water damages to the Property, pursuant to the Policy.

13. Defendant Safeco assigned Defendant Byrd and Defendant Harris as the individual adjusters on the claim. The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim. On or about May 21, 2014 (incorrectly listed by Defendants as April 4, 2014 in Plaintiff's claim documents), Defendant Byrd conducted a substandard inspection of Plaintiff's property. Defendant Byrd's inadequate inspection is evidenced by his report which failed to include all of

        Plaintiff's damages noted upon inspection. Specifically, Defendant Byrd failed to include a significant portion of the exterior damages, including but not limited to, damages to the cornice, sidings, windows, fencing, a/c unit, porch and storage shed. Moreover, the damages that Defendant Byrd actually included in his report were grossly undervalued, in part because he both underestimated and undervalued the cost of materials required for necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit. Ultimately, Defendant Byrd's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Byrd's inadequate investigation was relied upon by Safeco and Harris in this action and resulted in Plaintiff's claim being undervalued and underpaid.

14. Defendant Harris also actively participated in the investigation of Plaintiff's claim. Specifically, he reviewed reports, documents, and information regarding the claim. Also, as indicated on his letter to Plaintiffs dated May 22, 2014, Harris approved Byrd's estimate, although it did not include many of Plaintiff's damages, undervalued the damages that were included, and improperly withheld material sales tax and prospective contractors' overhead and profit. Ultimately, Harris failed to thoroughly review Byrd's assessment of the claim and ultimately approved an inaccurate report of the damages.

15. Together, Defendants Safeco, Byrd, and Harris set out to deny and/or underpay properly covered damages. Defendants Safeco, Byrd, and Harris failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued the damages, thus denying adequate and sufficient payment to Plaintiff. As a result of this unreasonable investigation, the claim was improperly adjusted, and Plaintiff was considerably underpaid on her claim and has suffered damages. The mishandling of the

claim has also caused a delay in Plaintiff's ability to fully repair her home, which has resulted in additional damages. To this date, Plaintiff has yet to receive full payment under the insurance policy.

16. As detailed in the paragraphs below, Safeco wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Safeco underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

17. To date, Safeco continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18. Defendant Safeco failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Safeco's conduct constitutes a breach of the insurance contract between Safeco and Plaintiff.

19. Defendants Safeco, Byrd, and Harris misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Safeco's, Byrd's and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20. Defendants Safeco, Byrd, and Harris failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

Defendants Safeco's, Byrd's, and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21. Defendants Safeco, Byrd, and Harris failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Safeco, Byrd, and Harris failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Safeco, Byrd, and Harris did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants Safeco's, Byrd's, and Harris' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22. Defendants Safeco, Byrd, and Harris failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Safeco, Byrd, and Harris. Defendants Safeco's, Byrd's, and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23. Defendants Safeco, Byrd, and Harris refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Safeco, Byrd, and Harris failed to conduct a reasonable investigation. Specifically, Defendants Safeco, Byrd, and Harris performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Safeco's,

Byrd's, and Harris' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24. When Plaintiff obtained the Policy from Safeco, Safeco misrepresented to Plaintiff that pursuant to the Policy, Plaintiff would be entitled to payment from Safeco for damages caused by a covered loss, including hail storm and/or windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiff timely submitted against the Policy. If Plaintiff had known that Safeco was not going to pay for hail storm and/or windstorm damages that were to be covered under the Policy and/or that Safeco would conduct an outcome-oriented and/or unreasonable investigation of Plaintiff's claim and damages, Plaintiff would not have purchased the Policy from Safeco and, instead, would have purchased a different insurance policy insuring the Property from a different insurer. Defendant Safeco made material misrepresentations as to coverage under the Policy upon Plaintiff's purchasing of the Policy that misled Plaintiff, including untrue statements of material facts and wrongfully concealed material facts necessary to make Safeco's other representations not misleading, upon which Plaintiff to reasonably relied to her detriment. Safeco's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. TEX. INS. CODE §§541.061(1), (2), (3) and (5).

25. Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26. Defendant Safeco failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not received full payment for her claim. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiff's claim was presented to Defendant Safeco, the liability of Safeco to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Safeco has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants Safeco, Byrd, and Harris knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30. As a result of Defendants Safeco's, Byrd's, Harris' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

31. Plaintiff's experience is not an isolated case. The acts and omissions Safeco committed in this case, or similar acts and omissions, occur with such frequency that they constitute

a general business practice of Safeco with regard to handling these types of claims. Safeco's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST BYRD AND HARRIS

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Defendant Safeco assigned Defendant Byrd and Harris to adjust the claim. Defendants Byrd and Harris were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During the investigation, the adjusters failed to properly assess Plaintiff's hailstorm and/or windstorm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

33. Defendants Byrd's and Harris' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendants Byrd and Harris are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Safeco, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added; *see also Liberty Mutual*

*Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendants Byrd's and Harris' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendants Byrd's and Harris' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendants Byrd and Harris failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Byrd and Harris failed to offer Plaintiff

adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendants Byrd and Harris as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Defendants Byrd's and Harris' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Defendants Byrd and Harris did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Safeco. Defendants Byrd's and Harris' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

40. Plaintiff is not making any claims for relief under federal law.

## FRAUD

41. Defendants Safeco, Byrd, and Harris are liable to Plaintiff for common law fraud.

42. When Defendant Safeco sold the Policy to Plaintiff, it was represented to Plaintiff that any claim submitted by Plaintiff for a covered event would be reasonably investigated, and that damages caused by covered occurrences, such as wind and hail, would be paid for by Safeco. Plaintiff was under this belief when she purchased the Policy. However, despite Safeco's representations to the contrary, Defendants performed an unreasonable and outcome-oriented investigation and failed to pay for damages that were covered under the Policy. Relying on Safeco's misrepresentations at the time the Policy was sold, Plaintiff purchased the Safeco Policy to her detriment.

43. Additionally, Safeco, Byrd, and Harris represented to Plaintiff that the damages included in their estimate and report of Plaintiff's loss included all the damages caused by the April 3, 2014 hailstorm and/or windstorm when in fact the estimate and report failed to include many of the damages, including, but not limited to, a significant portion of the exterior damages and the damages to the a/c unit, porch and storage shed. Defendants' estimate and report of Plaintiff's loss also significantly undervalued the damages that were included because the cost of materials were grossly underestimated and Defendants incorrectly applied material sales tax and failed to allow overhead and profit.

44. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants Safeco, Byrd, and Harris knew were false or made recklessly without any knowledge of their truth as a positive assertion.

45. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

46. Defendants Safeco, Byrd, and Harris are liable to Plaintiff for conspiracy to commit fraud. Defendants Safeco, Byrd, and Harris were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Safeco, Byrd, and Harris committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST SAFECO ONLY

47. Defendant Safeco is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

48. Defendant Safeco's conduct constitutes a breach of the insurance contract made between Safeco and Plaintiff.

49. Defendant Safeco's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Safeco's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

50. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

51. Defendant Safeco's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

52. Defendant Safeco's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Safeco's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53. Defendant Safeco's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54. Defendant Safeco's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55. Defendant Safeco's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

56. Defendant Safeco's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described in paragraphs 13 through 31 and otherwise herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner would mislead a reasonably prudent person to a false conclusion of a material fact, and which did mislead Plaintiff to a false conclusion of material fact regarding coverage under their Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.061.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

57. Defendant Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

58. Defendant Safeco's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

59. Defendant Safeco's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

60. Defendant Safeco's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

61. As referenced and described above, and further conduct throughout this litigation and lawsuit, Byrd and Harris are agents of Safeco based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

62. Separately, and/or in the alternative, as referenced and described above, Safeco ratified the actions and conduct of Byrd and Harris including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

63. Defendant Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

64. Defendant Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Safeco knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

65. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

66. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

67. As previously mentioned, the damages caused by the April 3, 2014, hailstorm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants Safeco's, Byrd's, and Harris' mishandling of Plaintiff's claim in violation of the laws set forth above.

68. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

69. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

70. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

71. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

73. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

74. Plaintiffs previously requested that all causes of action alleged herein be tried before a jury and tendered the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by

law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

                          Respectfully submitted,

                          **MOSTYN LAW**

                          */s/ Gregory F. Cox*
                          Gregory F. Cox
                          State Bar No. 00793561
                          gfcdocketefile@mostynlaw.com
                          6280 Delaware Street
                          Beaumont, Texas 77706
                          (409) 832-2777 (Office)
                          (409) 832-2703 (Facsimile)

                          **ATTORNEY-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure, on this the 21st day of October, 2015.

                          */s/ Gregory F. Cox*
                          Gregory F. Cox